**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4765**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

STANLEY JEROME MACKLIN, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge. (1:15-cr-00507-ELH-1)

Submitted: August 16, 2018              Decided: August 20, 2018

Before WYNN and DIAZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

Justin Eisele, SEDDIQ LAW FIRM, Upper Marlboro, Maryland, for Appellant. Michael Clayton Hanlon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stanley Jerome Macklin, Jr., pled guilty pursuant to a written plea agreement to one count of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a) (2012). The district court sentenced Macklin to 216 months in prison in accordance with his stipulated plea agreement under Fed. R. Crim. P. 11(c)(1)(C). Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning the reasonableness of Macklin's sentence. Macklin was informed of his right to file a pro se supplemental brief, but he has not done so. The Government has filed a motion to dismiss the appeal based on the appellate waiver in Macklin's plea agreement. We dismiss in part, and affirm in part.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. *See United States v. Poindexter*, 492 F.3d 263, 270 (4th Cir. 2007). Our independent review of the record confirms that Macklin voluntarily and knowingly waived his right to appeal his conviction and any sentence imposed. Thus, the waiver is valid and enforceable.

Even a valid waiver does not waive all appellate claims, however. Specifically, a valid appeal waiver does not preclude a challenge to a sentence on the ground that it exceeds the statutory maximum or is based on a constitutionally impermissible factor such as race, arises from the denial of a motion to withdraw a guilty plea based on ineffective assistance of counsel, or relates to claims concerning a violation of the Sixth Amendment right to counsel in proceedings following the guilty plea. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005); *United States v. Craig*, 985 F.2d 175, 178

2

(4th Cir. 1993). In accordance with our obligations under *Anders*, we have reviewed the entire record for any unwaived, meritorious issues for appeal and have found none.

Accordingly, we grant the Government's motion to dismiss the appeal, in part, and dismiss Macklin's challenge to his sentence. Although we deny the motion, in part, as to any unwaived issues, we affirm, in part. This court requires that counsel inform Macklin, in writing, of his right to petition the Supreme Court of the United States for further review. If Macklin requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Macklin. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

*DISMISSED IN PART;*
*AFFIRMED IN PART*